**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOROTHY GALLONE<br>11 Hastings Avenue<br>Havertown, PA 19083 : | CIVIL ACTION |
| Plaintiff, :<br>v. : | No. _____ |
| PREMIER ORTHOPAEDIC AND SPORTS:<br>MEDICINE ASSOCIATES LTD.<br>525 West Chester Pike, Suite 203 :<br>Havertown, PA 19083 : | **JURY TRIAL DEMANDED** |
| Defendant. : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

I. **INTRODUCTION**

1.       This action has been initiated by Dorothy Gallone (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq*.). Plaintiff asserts she was not properly paid overtime compensation and seeks damages as sought herein. For *notice purposes only*, Plaintiff identifies that she has a pending Charge filed with the Equal Employment Opportunity Commission ("EEOC") asserting her termination from employment was discriminatory based upon her age (in violation of the Age Discrimination in Employment Act – "ADEA").[1]

---

[1] Upon receipt of a right-to-sue letter from the EEOC, Plaintiff will seek leave to amend the instant lawsuit (unless Defendant consents to waiver of administrative exhaustion for judicial expediency). No claims under the ADEA are currently set forth in this lawsuit or in the Count section.

## II. JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Premier Orthopaedic and Sports Medicine Associates, LTD. ("Defendant") operates under at least 17 different fictitious business names registered with the Pennsylvania Department of State (through many iterations of its corporate name). Defendant provides specialized musculoskeletal care, sports medicine, and imaging services.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a 72-year-old woman.

11. Plaintiff was hired by Defendant on or about July 1, 2004; and in total, she was employed by Defendant for almost 22 years (when considering predecessor employment combined). Defendant acquired Philadelphia Hand to Shoulder Center in or about December of 2022.

12. Plaintiff performed an array of administrative duties, reception work, and primarily worked as a scheduler.

13. Plaintiff was paid hourly (at ~ $35 per hour), and she was terminated on or about April 2, 2026.

14. Plaintiff physically worked for Defendant at the above-captioned address (in Havertown, PA) until termination.

15. Some of the relevant management when Plaintiff was employed and terminated included but was not limited to: (1) Lauren May ("May" – Director of Imaging Services); and (2) Nikki Brocco ("Brocco" – Regional Director of Operations). Plaintiff had other management that shifted or changed over time as well.

16. Brocco asked Plaintiff at least three (3) times throughout 2025 when she was "going to retire" or "retiring." Plaintiff was vague (in responding) just indicating she didn't know

3

or stating not yet. Brocco mentioned the need to look ahead or plan. Plaintiff enjoyed working, and she of course preferred to have a continuing income.

17.    Plaintiff was ultimately informed she was terminated for performance and not meeting expected metrics. This was absolutely pretextual for many reasons. First, Plaintiff worked in an exemplary manner for decades for Defendant. Second, Plaintiff had filled in for many facets of work, including performing office management duties for a short time when there was no office manager (when Natalie Smitheman ceased in the role). Third, Plaintiff performed so many extra or unique duties that comparing her to another scheduler, especially from another office (if that is what occurred) would make no sense (and would be nothing but an excuse to get rid of Plaintiff). Fourth, Plaintiff was treated differently and asked about retirement unlike younger employees. Fifth, Defendant was hiring younger employees and was filling the same or similar role(s) Plaintiff performed with newer and younger staff. Sixth, Plaintiff did an excellent job and did not have performance problems justifying her termination.

18.    At all relevant times underlying claims in this lawsuit, Plaintiff was an hourly-paid employee as aforesaid.

19.    Plaintiff was a non-exempt employee under the Fair Labor Standards Act ("FLSA") and applicable state law (analyzed in the same manner). In other words, she was always entitled to overtime compensation at time and one half of her pay for all hours worked in excess of 40 hours per week.[2]

---

[2] Separate and apart from Plaintiff's primary work duties being non-exempt, an employer cannot assert an "hourly" employee is subject to an FLSA exemption (as to the circumstances in this case). *See e.g. Layden v. HSL Builders, Inc.*, 2002 U.S. Dist. LEXIS 11634 (E.D. Pa. 2002)(granting summary judgment to the plaintiff on FLSA overtime violations, explaining "exempt status is not appropriate" to an "hourly" employee). Thus, Plaintiff is non-exempt under the FLSA by virtue of her duties and separately because she has not been paid by "salary."

4

20.     Until the timeframe of in or about the summer of 2025, Plaintiff regularly worked Saturdays for Defendant. When she worked Saturdays, Plaintiff was not compensated <u>at all</u>, let alone for overtime pay.

21.     For years, Plaintiff worked 2-4 Saturdays per month depending upon business need. <u>All of this (Saturday) work was uncompensated wages and overtime to Plaintiff.</u>

22.     As to her Saturday work: (a) Plaintiff was so busy during the week that she had to catch up on her week of work; (b) Plaintiff had to fill out short-term, long-term, and other disability forms for patients; and (c) Plaintiff was preparing and filling out FMLA, work notes, and other employment documentation for employees.

23.     When Plaintiff performed Saturday work, Plaintiff was averaging 3 – 6 hours of work per Saturday.

24.     Within the 3-year statutory lookback, Plaintiff is entitled to seek compensation for unpaid overtime for two (2) full years (from July of 2023 – July of 2025). Within this timeframe, Plaintiff estimates having worked 60% to 70% of all Saturdays at an average of at least four (4) hours per Saturday.

25.     Conservatively, Plaintiff would be owed approximately 250 hours of unpaid overtime (within her statute of limitations). This totals approximately $13,125.00 in unpaid

overtime compensation. This sum should be doubled automatically through mandatory liquidated damages.[3]

26.     Plaintiff is *automatically* entitled to liquidated damages for Defendant's actions as outlined in this Complaint, entitling her to approximately $26,000.00 in unpaid overtime alone. Such damages are in addition to mandatory legal fees and other applicable damages under state and federal law(s). *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).[4]

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Compensation)

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.     Plaintiff was not properly paid for all owed overtime as explained *supra*.  And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

---

[3] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases; *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[4] Both the PMWA and FLSA permit a 3-year lookback. Since the same legal standard for determining overtime violations exists both as to the FLSA and PMWA, Plaintiff only references the FLSA within the factual section.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**

29.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.    Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the PMWA.

**Count III**
**Violations of the Pennsylvania Wage Payment & Collection Law ("PWPCL")**
**(Failure to Pay Wages)**

31.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.    Plaintiff was not properly paid for all wages as explained *supra*. And such actions constitute violations of the PWPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting overtime and wage violations;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's wrongful actions, including but not limited to all owed wages, overtime, past and future lost earnings, and other legally-applicable compensation;

C.    Plaintiff is to be awarded actual damages to which she is equitably or legally entitled beyond those already specified herein;

D.    Plaintiff is to be awarded liquidated damages as permitted by applicable laws;

7

E.      Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;[5]

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.      Plaintiff is permitted to have a trial by jury.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com


Dated: July 29, 2026

---

[5] Upon amendment, Plaintiff should be entitled to all damages permitted under applicable laws as to her age-discrimination claims.

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Dorothy Gallone | : | CIVIL ACTION |
| v. | : | |
| Premier Orthopaedic and Sports Medicine Associates Ltd. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| | | |
|---|---|---|
| 7/29/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☒ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

GALLONE, DOROTHY

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

**DEFENDANTS**

PREMIER ORTHOPAEDIC AND SPORTS MEDICINE ASSOCIATES LTD.

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA(29USC201)

Brief description of cause:
Violations of the FLSA and the PMWA.

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:    JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    7/29/2026    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____